THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-cv-00294-D

| | |
|---|---|
| WESTERN PLASTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DUBOSE STRAPPING, INC. <br><br> Defendant. | Stipulated Protective Order <br> **(AS MODIFIED)** |

Plaintiff Western Plastics, Inc. ("Plaintiff") and Defendant DuBose Strapping, Inc. ("Defendant") (collectively, the "Parties" and individually a "Party") hereby stipulate to the following Stipulated Protective Order to protect confidential information that is disclosed during and in connection with the above captioned lawsuit (the "Litigation").

The issues in the Litigation involve, in part, past, current, and prospective confidential and/or proprietary information relating to the Parties' finances, sales, marketing, products, consumers, operating expenses, material costs, internal strategy, strategic planning, operations, engineering, research, and product development. Thus, good cause appearing, it is hereby ORDERED as follows:

1. **Scope of Order**. This Stipulated Protective Order (the "Protective Order") governs the use and handling of documents, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced or given by Plaintiff, Defendant, or any other individual or entity in pretrial proceedings in this Litigation (the "Producing Party") at the request of another Party ("Requesting Party").

Confidential Material and Highly Confidential Material (collectively, "Protected Materials") produced in this Litigation shall be used only for the purpose of this Litigation, and not for any other business, competitive, personal, private, public, or other purpose whatsoever.

Materials and/or information contained therein that are not Protected Materials may be used in accordance with Paragraph 11 if they are not designated as Protected Materials, are or have been disclosed in a publically available printed publication (*e.g.*, advertising materials), are otherwise known to the general public, were disclosed in a document submitted to any governmental entity without a request for confidential treatment, were disclosed to someone not employed by or closely associated with the Producing Party at the time of disclosure, were known to the Requesting Party without obligation of confidentiality before the Producing Party disclosed them, or are or become known to the Requesting Party without obligation of confidentiality by means not constituting a breach of this Order.

2. **Designation of Confidential Material**. The Producing Party may designate as "Confidential" any Material that it produces in this Litigation which contains confidential non-public engineering, design, research, development, financial, customer, commercial, or internal strategy information, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law, the disclosure of which may reasonably cause competitive harm to the Producing Party and the disclosure of which the Producing Party took reasonable and necessary steps to prevent ("Confidential Material"). The designations will be made by attorneys or an unrepresented nonparty and will be designated in conformance with Paragraph 8 of this Protective Order. In so designating, the attorneys or unrepresented parties are certifying that an attorney or the unrepresented nonparty has reviewed each document so designated and they have not simply

2
Case 5:15-cv-00294-D   Document 27   Filed 07/25/16   Page 2 of 17

made a blanket designation based on the type of document rather than a review of the contents of the document.

3. **Designation of Highly Confidential Material**. The Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any Confidential Material that it believes in good faith is even more sensitive than Confidential Material and contains past, current, or prospective non-public engineering, design, research, development, financial, strategic planning, commercial planning, pricing, customer, profit or cost information, information covered by federal or state privacy laws, trade secrets, communications regarding any Highly Confidential Material, or any other highly sensitive information of significance, the disclosure of which may reasonably cause serious competitive harm to the Producing Party and the disclosure of which the Producing Party took reasonable and necessary steps to prevent ("Highly Confidential Material"). The designations will be made by attorney or an unrepresented nonparty and will be designated in conformance with Paragraph 8 of this Protective Order. In so designating, the attorneys or unrepresented nonparty are certifying that an attorney or the unrepresented nonparty has reviewed each document so designated and they have not simply made a blanket designation based on the type of document rather than a review of the contents of the document.

4. **Persons Who May Access Confidential Material**. Except as provided in Paragraph 8, absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

(a) Two designated employees, plus one designated IT employee, of each Party to this lawsuit who are actively involved in assisting with the prosecution or defense of this Litigation and whose identities are disclosed to the other Parties.

(b) Outside counsel for the Parties in this Litigation;

(c) In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this Litigation;

(d) Independent outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in this Litigation (once the requirements of Paragraph 6(c) are satisfied);

(e) Outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by the Parties' outside counsel to assist in this Litigation and computer service personnel performing duties in relation to a computerized litigation system;

(f) The Court, court reporters, videographers, stenographers, and court personnel; and

(g) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons listed in (b) above provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

5. **Persons Who May Access Highly Confidential Material**. Except as provided in Paragraph 8, absent written consent from the Producing Party or unless otherwise directed by the Court, Highly Confidential Material may be disclosed only to the following persons:

(a) Outside counsel for the Parties;

(b) One (1) in-house counsel for each Party who is actively involved in assisting with the prosecution or defense of this Litigation, provided that the in-house counsel is not involved in making competitive decisions for the Party (for example, is not involved in setting pricing of products sold by the Party, directing or controlling

sales, advertising or marketing of products sold by the Party, or designing product sold by the Party).

(c) Independent outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in this Litigation (once the requirements of Paragraph 6(c) are satisfied); including, without limitation, professional jury or trial consultants retained in connection with this Litigation

(d) Outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel who assist the Parties' outside counsel in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(e) The Court, court reporters, videographers, stenographers, and court personnel; and

(f) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons listed in (a) above provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

6. **Application of this Protective Order to Persons with Access to Protected Materials**. Each person given access to Protected Materials shall be advised that the Protected Materials are being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

(a) Before any person described above in Paragraphs 4(a), 4(d), or 5(c) is given access to Protected Materials, that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit 1, to be bound

5
Case 5:15-cv-00294-D   Document 27   Filed 07/25/16   Page 5 of 17

by the provisions of this Protective Order. Outside counsel for the Party retaining such persons shall maintain that person's executed acknowledgment in their files throughout this Litigation.

(b) Before any other person described in Paragraphs 4(b), 4(c), 4(g), 5(a), 5(b), or 5(f) is shown any Protected Materials, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

(c) At least five (5) business days before any expert or consultant described in Paragraph 4(d) or 5(c) is given access to Protected Materials, the Party seeking to give such access to such a person shall deliver (via email) to all other Parties a copy of the signed acknowledgment (Exhibit 1) and a résumé, curriculum vitae, or a description setting forth the person's (1) name, (2) residence and office addresses, (3) present employer, job title and job description, (4) any litigation related consulting activities within the last five years, (5) any relationship to the Parties in this action, and (6) a brief job history for the past five years. If a Party has a good faith basis for believing it would be harmed by the proposed disclosure to such person, the Party shall object to such disclosure within five (5) business days after service of the information called for in this Paragraph. Objections must be made in writing and state with particularity the basis for the objection. In the event of such an objection to disclosure of Protected Materials, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within ten (10) business days after the objection, request the Court to issue an order barring such

disclosure. If the Party objecting to disclosure fails to request the Court to issue an order barring such disclosure within the specified time, the objecting Party waives its rights to object to that disclosure. The objecting Party shall have the burden of showing why that person should not have access to Protected Materials. Pending resolution of any such motion or application, no disclosure of Protected Materials shall be made to that person. The filing and pendency of such motion shall not limit, delay or defer any disclosures of Protected Materials to persons as to whom no such objection has been made.

7. **Filing Documents Containing Confidential or Highly Confidential Material**. If a Party wishes to file a document containing Protected Materials with the Court, it shall follow the procedures set forth in Fed. R. Civ. P. 5.2(d) and E.D.N.C. Local Civil Rule 79.2. The filing Party shall serve the sealed document, independently of the CM/ECF system and consistent with the provisions of this Protective Order, upon all parties of record by electronic mail and in unredacted form.

8. **Production of Documents and Other Materials Containing Protected Materials**. The designation of Protected Materials for the purposes of this Protective Order shall be made in the following manner:

(a) In the case of documents and written discovery responses, by affixing the legend "Confidential – Subject to Protective Order" to each page containing any Confidential Material and "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" to each page containing any Highly Confidential Material.

(b) In the case of electronically stored information ("ESI"), by designating the ESI as Protected Materials in a cover letter accompanying the production of the ESI. Where feasible, counsel for the Producing Party will also mark the media on which the ESI is produced with the appropriate designation. If a Party reduced ESI containing Protected Materials to hardcopy form, it shall make the hardcopy with the appropriate designation. Whenever any ESI containing Protected Materials is copied, all copies shall be marked with the appropriate designation.

(c) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; (ii) by written notice sent to all counsel of record for the Parties within five (5) business days after receipt of the transcript of the deposition. All transcripts shall be considered Highly Confidential and subject to this Protective Order until expiration of that five (5) business day period. All videotapes of depositions shall be clearly labeled "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order", as appropriate pursuant to this Protective Order.

(d) To the extent that a person described in Paragraphs 4 and 5 creates, develops, establishes, or otherwise maintains, on any computer or other device, any information, files, databases or programs that contain Protected Materials, such person shall take all necessary steps to ensure that access to any Protected Materials is restricted to those person who, by the terms of this Protective Order, are allowed access to the Protected Materials.

8
Case 5:15-cv-00294-D   Document 27   Filed 07/25/16   Page 8 of 17

(e) The inadvertent failure to stamp a document as "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" shall not be deemed a waiver of a claim of confidentiality. The Producing Party shall give written notice to the Party receiving the Protected Material (the "Receiving Party") promptly after the omission is discovered, and the Receiving Party shall then treat these materials as Confidential Material or Highly Confidential Material in accordance with this Protective Order.

(f) At the time discovery is sought of any nonparty, or shortly thereafter, the Receiving Party's counsel shall provide to the nonparty a copy of this Protective Order to facilitate the nonparty's designation of Protected Materials. Any Party may designate any Materials produced by a nonparty as Protected Materials, if they so qualify, by making such designations in sufficient detail in writing to the other Party or on the record in a deposition, and any Materials so designated shall be treated in accordance with this Protective Order.

9. **Use of Protected Materials at Depositions**. Protected Materials may be used to examine fact witnesses who are currently employed by the Producing Party or an affiliate of the Producing Party, who were employed by the Producing Party or an affiliate of the Producing Party at the time the Material was created, or who created or received the Material. Counsel for any Party wishing to use Protected Materials to examine fact witnesses who are not currently employed by the Producing Party or an affiliate of the Producing Party, who were not employed by the Producing Party or an affiliate of the Producing Party at the time that Material was created, or who did not create or receive the Material, shall deliver a copy of such Material to outside counsel of record for the Producing Party and disclose the wish to use such document at

9
Case 5:15-cv-00294-D   Document 27   Filed 07/25/16   Page 9 of 17

least two (2) business days prior to the start of the deposition. If the Producing Party objects to the use of the Material at least one (1) business day prior to the deposition, the document may not be introduced, and its contents not disclosed, without leave of Court.

Any Party or nonparty claiming or designating Protected Materials may insist that any person not entitled by this Protective Order to have access to the Protected Materials leave the deposition room during that portion of the deposition in which a disclosure of Protected Materials is reasonably anticipated. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer questions pertaining to the Protected Materials or for counsel for a Party or nonparty to insist that such questions not be asked or answered pending resolution of the issue by the Court.

10. **Use of Protected Materials at Trial or Hearing**. The restrictions, if any, that will govern the use of Protected Materials at trial or hearings will be determined at a later date by the Court, in consultation with the Parties if necessary.

11. **Use of Independently-Obtained, Unrestricted, Public, or Produced Information.** This Protective Order shall not impose any restrictions on Material or information produced in this Litigation but not designated as Protected Material (except the prohibition in Paragraph 1 against use of such Material or information for purposes beyond this Litigation) or on the use or disclosure by a Party of information or material properly obtained by the Party independent of discovery in this Litigation (even if such material is also obtained through discovery in this Litigation). This Protective Order also shall not apply to information that (a) was properly known to the Requesting Party before it was disclosed in this Litigation, (b) is or became part of the public knowledge through no breach of the provisions of this Protective Order, (c) is independently developed by the Requesting Party without access to Protected

10
Case 5:15-cv-00294-D   Document 27   Filed 07/25/16   Page 10 of 17

Materials, or (d) is disclosed to the Requesting Party by a Party or nonparty without restriction as to the disclosure, so long as the Party or nonparty has the right to disclose the information to the Requesting Party.

12. **Previously Viewed or Obtained Material**. Nothing in this Protective Order shall preclude any Party to this Protective Order or its attorneys from showing a document designated as "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" to an individual who prepared, authored, received, or reviewed the Material prior to the filing of this Litigation.

13. **No Waiver of Privilege**. If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other grounds for withholding production to which any Producing Party would otherwise be entitled to assert, either as to the specific information disclosed or as to any other information relating thereto or on the same related subject matter, in this Litigation or in any other federal or state proceeding. Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work product doctrine, or any other privilege is not a waiver of that privilege or protection, so long as the holder of the privilege took reasonable steps to prevent disclosure and takes reasonable steps to rectify the error. Upon reasonably prompt written request of the Producing Party, the Receiving Party must sequester or promptly return the information and any copies it possesses or has made; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving

11
Case 5:15-cv-00294-D   Document 27   Filed 07/25/16   Page 11 of 17

Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim.

14. **Removal of Confidentiality Designation**. Any Party (the "Challenging Party") may challenge the designation of Material as "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" by giving written notice to the Producing Party that it challenges the designation. Such notice shall specifically identify the Material at issue and state the reasons for challenging the confidentiality designation, and the Producing Party shall respond in writing within seven (7) business days after receipt of the challenge by either agreeing to change the designation or by adhering to the designation. The Challenging and Producing Parties shall confer in good faith to resolve any dispute. If the Parties are unable to resolve the dispute, the Challenging Party may file a motion challenging the designation. If such a motion is made, the Producing Party will have the burden to establish that the designation is proper. Until the Court rules on the motion, the documents shall be treated as originally designated.

15. **Modification of this Protective Order**. This Protective Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing to modifications of this Protective Order by written stipulation of the Parties.

16. **Copy of Protective Order Must Be Served with any Subpoena**. After this Protective Order is entered by the Court, a copy of this Protective Order shall be included with the subpoena when serving any subpoena in this Litigation on a nonparty to this Litigation.

17. **Requests in Other Cases for Protected Materials**. If any person receiving Material covered by this Protective Order is subpoenaed in another action or proceeding, served

with a document demand, or otherwise requested to provide Material covered by this Protective Order and such subpoena, document demand, or request seeks Material that was produced or designated as Protected Materials by any Producing Party, the person receiving the subpoena, document demand, or request shall give written notice as soon as possible (and, in any event, within three (3) business days after receipt of the subpoena or document request or before the deadline for response thereto, whichever is shorter) to counsel of record for the Producing Party and shall send a copy of this Protective Order to the party that caused the subpoena or document request to issue and inform that party that some or all of the materials called for by the subpoena or document request are subject to nondisclosure constraints under the terms of this Protective Order. The purpose of these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Producing Party an opportunity to seek protection for its Protected Material in the court from which the subpoena or document request issued. The Producing Party shall bear the burden and expense of seeking protection in that court. If such request to the court is timely made, then the Protected Material shall not be produced until that court rules, provided there are no rules or laws requiring production despite a pending motion or request for a protective order. Nothing in this provision should be construed as authorizing or encouraging a Requesting Party to disobey a lawful directive from another court.

18. **Court Retains Jurisdiction**. This Protective Order shall survive the termination of this Litigation. This Court expressly retains jurisdiction over the action for enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

19. **Return or Destruction of Confidential and Highly Confidential Material**. Within sixty (60) days after the termination of this action, including all appeals, all Protected Materials supplied by any Producing Party, and any copies thereof, shall be returned to the

Producing Party or shall be destroyed and their destruction certified. Notwithstanding these provisions, outside counsel may retain one set of pleadings, deposition transcripts, expert reports, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

20. **Parties May Use Their Own Protected Materials**. Nothing in this Protective Order shall affect a Party's use or disclosure of its own documents in any way.

21. **Privilege Logs**. Documents or communications created or taking place after the filing of the Complaint in the Litigation, *i.e.*, July 2, 2015, that are subject to a claim of attorney-client privilege, work product protection, common interest privilege, joint defense privilege, or any other privilege or immunity need not be included on a privilege log.

22. **Expert Communications and Drafts**. Communications and exchanges between counsel and testifying expert witnesses, including without limitation those made in preparing drafts of expert reports, are not discoverable unless the expert relies on any such communication to support his or her opinion. In addition, draft expert reports are not discoverable. Communications and exchanges between counsel and non-testifying expert witnesses are not discoverable.

23. **Providing Advice to Clients**. Persons qualified to view Protected Materials may make working copies, abstracts, digests or analyses of the Protected Material for use in connection with this Litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection as the Protected Material from which it is derived. Nothing in this Protective Order shall bar or otherwise restrict any counsel of record from rendering advice to a client that is a Party in this Litigation and, in the course thereof, relying upon such counsel's knowledge of Protected Materials, provided, however, that such counsel

shall not disclose the details of Protected Materials in a manner not specifically authorized under this Protective Order.

24. **Injunctive Relief**. If any person violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against such action by any such person. The Parties agree that a violation of this Protective Order would cause irreparable harm to the Producing Party.

25. **Use of Mock Jurors**. A Party may not disclose to mock jurors any original, as-produced Protected Materials (including, for example, documents or interrogatory responses) produced by another Party. A Party may, however, disclose to mock jurors (1) transcripts or recordings of Confidential or Highly Confidential testimony and (2) arguments and materials prepared by its outside counsel that are derived from as-produced Protected Materials, so long as the derivative materials do not include the as-produced Protected Materials themselves. Before hearing arguments or reviewing materials that were derived from Protected Materials, each mock juror must sign an undertaking or agreement agreeing not to publicly disclose such arguments and materials and to keep such arguments and materials confidential.

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# No. 5:15-cv-00294-D

| | |
|---|---|
| WESTERN PLASTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DUBOSE STRAPPING, INC. <br><br> Defendant. | Exhibit 1 – Acknowledgement of Terms of the Protective Order |

  I hereby certify my understanding that Material designated "Confidential - Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" is being provided to me pursuant to the terms and restrictions of the Protective Order entered in the above captioned action by the United States District Court for the Eastern District of North Carolina on _____, _____ (the "Protective Order").  I have read and understand the terms of the Protective Order, I agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purposes of enforcement of the Protective Order.


Dated: _____

Signature:  _____

Name:  _____

16
Case 5:15-cv-00294-D   Document 27   Filed 07/25/16   Page 16 of 17

*********************

## COURT'S APPROVAL AND MODIFICATIONS

This Stipulated Protective Order is the subject of the parties' joint motion for entry thereof at D.E. 20 and is in the form proposed at D.E. 20-1, except as provided herein. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Stipulated Protective Order, subject to the following modifications:

1. Court personnel shall be excluded from (i) the requirements applicable to "each person given access to Protected Materials" in paragraph 6 to be informed of the terms of this Stipulated Protective Order and (ii) the restriction in paragraph 23 on copying.

2. Any modification, extension, or limitation of this Stipulated Protective Order agreed to by the parties must be approved by the court, notwithstanding any contrary provision in this Stipulated Protective Order, including any such terms in paragraph 15.

3. The extent to which this court retains jurisdiction over this Litigation for enforcement of the provisions of this Stipulated Protective Order following the final resolution of this Litigation shall be determined in accordance with law, notwithstanding any contrary provisions in paragraph 18.

4. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1, E.D.N.C., notwithstanding any contrary terms in this Stipulated Protective Order, including any such terms in paragraph 19.

SO ORDERED, this 25th day of July 2016.

_____
James E. Gates
United States Magistrate Judge