IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-294-D

WESTERN PLASTICS, INC., )
)
               Plaintiff, )
)
v. ) **ORDER**
)
DUBOSE STRAPPING, INC., )
)
               Defendant. )

On October 9, 2018, Western Plastics, Inc. ("WP") moved for reconsideration [D.E. 141] concerning this court's order of September 25, 2018, and filed a memorandum in support [D.E. 142]. On November 13, 2018, DuBose Strapping, Inc. ("DuBose") responded in opposition in part [D.E. 144]. On November 16, 2018, WP replied [D.E. 145].

The court has considered WP's motion for reconsideration under the governing standard. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). As for WP's argument concerning the best mode defense, DuBose's best mode defense is not available because DuBose commenced this proceeding after the effective date of the America Invents Act concerning the best mode defense. See Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 15, 125 Stat. 284, 328 (2011); Radiancy, Inc. v. Viatek Consumer Prods. Grp., Inc., 138 F. Supp. 3d 303, 318 (S.D.N.Y. 2014). Accordingly, the court grants WP's motion for reconsideration concerning DuBose's best mode defense.

As for WP's argument concerning inequitable conduct, "[t]o prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." Therasense, Inc. v. Becton,

Dickinson & Co., 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc). "The accused infringer must prove both elements—intent and materiality—by clear and convincing evidence." Id. "[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." Id. at 1290 (quotation omitted); see Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd., No. 1:13-cv-645, 1:14-cv-650, 2016 WL 6839394, at *10 (M.D.N.C. Nov. 21, 2016) (unpublished). "[W]hen there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." Therasense, Inc., 649 F.3d at 1290–91.

Viewing the evidence in the light most favorable to DuBose, DuBose has not shown that WP acted with the specific intent to deceive by clear and convincing evidence. Cf. id. at 1289 (discussing the "plague" of inequitable conduct defenses raised in patent infringement litigation). DuBose has failed to show that the most reasonable inference that may be drawn from WP's conduct is that WP intended to deceive the PTO. Even if the information that WP misrepresented or omitted was material, without a showing by clear and convincing evidence that WP specifically intended to deceive the PTO, there remains no genuine issue of material fact for trial. Accordingly, the court grants WP's motion for reconsideration concerning inequitable conduct.

To the extent that DuBose raises new issues for reconsideration in its response brief, the court declines to address such issues. DuBose has failed to show a clear error of law or manifest injustice in this court's order. See Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Pac Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

In sum, WP's motion for reconsideration [D.E. 141] is GRANTED. The parties shall confer and propose trial dates in July, September, and October 2019. The submission is due no later than March 15, 2019. The submission should include an estimate of the number of trial days needed.

SO ORDERED. This 28 day of February 2019.

                                               JAMES C. DEVER III
                                               United States District Judge