IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-294-D

WESTERN PLASTICS, INC.,             )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    **ORDER**
                                     )
DUBOSE STRAPPING, INC.,              )
                                     )
            Defendant.               )

On July 2, 2015, Western Plastics, Inc. ("WP" or "plaintiff") filed this action against DuBose Strapping, Inc. ("DuBose" or "defendant") alleging patent infringement [D.E. 1]. The parties conducted extensive discovery and motions practice, during which WP conceded infringement of U.S. Patent No. 8,080,304 ("the '304 Patent"). See [D.E. 66] 1–2. On November 18, 2019, a jury trial began on four issues [D.E. 203]. On November 22, 2019, the jury returned a verdict in favor of WP on each issue [D.E. 219].

On December 6, 2019, WP moved for an award of prejudgment interest [D.E. 235] and filed a memorandum in support [D.E. 236]. On January 3, 2020, DuBose responded in opposition [D.E. 251]. On January 17, 2020, WP replied [D.E. 255]. As explained below, the court grants prejudgment interest to WP at the U.S. prime rate compounded quarterly, for a total of $98,263.00 in prejudgment interest on the $614,548.00 jury award plus $91.71 per day until the judgment becomes appealable.

I.

As for the trial, issue one was, "Did plaintiff Western Plastics, Inc. prove by a preponderance of the evidence that defendant DuBose Strapping, Inc. willfully infringed U.S. Patent No. 8,080,304 ('the '304 Patent')?" [D.E. 219] 1. The jury answered, "Yes" to issue one. See id. Issue two was,

"Did defendant DuBose Strapping, Inc. prove by clear and convincing evidence that one or more claims of the '304 Patent is invalid as 'anticipated,' or, in other words, not new?" Id. at 2. The jury answered, "No" to issue two. See id. Issue three was, "Did defendant DuBose Strapping, Inc. prove by clear and convincing evidence that the differences between the subject matter of the claimed invention in the '304 Patent and the prior art are such that the subject matter of any of the following claims would have been obvious at the time the invention in the '304 Patent was made to persons having ordinary skill in the pertinent art?" Id. at 3. The jury answered, "No" to issue three. See id. Issue four was, "Did plaintiff Western Plastics, Inc. prove by a preponderance of the evidence that it is entitled to recover lost profits from defendant DuBose Strapping, Inc?" Id. The jury answered, "Yes" to issue four, and awarded $614,548.00 in lost profits damages to WP. See id.

II.

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284 (emphasis added). In patent cases, "prejudgment interest should ordinarily be awarded." Gen. Motors Corp. v. Devex Corp., 461 U.S. 648, 655 (1983); see Energy Transp. Grp., Inc. v. William Demant Holding A/S, 697 F.3d 1342, 1358 (Fed. Cir. 2012). "In the typical [patent] case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." Devex Corp., 461 U.S. at 655. Specifically, "[a]n award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of the judgment." Id. at 655–56; see Bio-Rad Lab'ys., Inc. v. Nicolet Instrument Corp., 807 F.2d 964, 967 (Fed. Cir. 1986). The statutory scheme affords district courts significant discretion in awarding prejudgment interest. See Uniroyal, Inc. v. Rudkin-Wiley

2

Corp., 939 F.2d 1540, 1545 (Fed. Cir. 1991). This discretion includes not only what rate to use, but also how to compound such a rate. See id.; Bio-Rad, 807 F.2d at 969. Ultimately, "the district court must be guided by the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'" Bio-Rad, 807 F.2d at 969 (quoting Devex Corp., 461 U.S. at 655).

WP and DuBose do not dispute that the court should award prejudgment interest and instead disagree over how much. WP proposes a calculation based on the U.S. prime rate, compounded quarterly, that results in a prejudgement interest award of $98,263.000. See [D.E. 236] 4–8; [D.E.236-1] 2–3 (expert affidavit justifying that amount); [D.E. 255] 4–8. DuBose proposes a calculation based on at the U.S. Treasury Bill Rate, compounded annually, that results in a prejudgment interest award in $37,056.39. See [D.E. 251] 1–3.

The court agrees with WP's proposal. Awarding prejudgement interest at the U.S. prime rate, compounded quarterly, best makes WP whole after DuBose's infringement. See Devex Corp., 461 U.S. at 655. The U.S. prime rate represents an entity's cost to borrow money and "adjusts with changes by the Federal Reserve Board." NTP Inc. v. Research in Motion, Ltd., 270 F. Supp. 2d 751, 763 (E.D. Va. 2003), amended, No. CIV.A. 3:01CV767, 2003 WL 22746080 (E.D. Va. Aug. 5, 2003). "The [U.S.] prime rate, compounded quarterly, is a conservative, middle-of-the road approach that takes into account normal market fluctuation." Id. In contrast, the U.S. Treasury Bill Rate is "designated to be a deeply discounted assessment" of the time value of money. Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc., 226 F. Supp. 3d 520, 536 (W.D.N.C. 2016), aff'd sub nom. Sociedad Espanola De Electromedicina Y Calidad, S.A. v. Blue Ridge X-ray Co., Inc., 721 F. App'x 989 (Fed. Cir. 2018) (per curiam) (unpublished). Moreover, contrary to DuBose's assertions, WP need not "demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate." Uniroyal, 939 F.3d at 1545. Rather, WP's representation that its "borrowing cost fluctuated to levels higher than the [U.S.] Prime Rate

3

during the relevant time period" more than merits the application of the U.S. Prime Rate instead of the U.S. Treasury Bill Rate. [D.E. 236] 6. Moreover, the court agrees with WP that postjudgment interest should be calculated from November 23, 2019, until the judgment becomes appealable at a rate of 4.75%. See [D.E. 236-1] 2–3 (expert declaration calculating post-judgment interest daily at a constant rate of 4.75%).

### III.

In sum, the court awards prejudgment interest to WP at the U.S. prime rate compounded quarterly, for a total of $98,263.00 in prejudgment interest on the $614,548.00 jury award plus $91.71 per day until the judgment becomes appealable.

SO ORDERED. This 24 day of September 2020.

JAMES C. DEVER III
United States District Judge