IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-294-D

| | |
|---|---|
| WESTERN PLASTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DUBOSE STRAPPING, INC., ) | |
| ) | |
| Defendant. ) | |

On July 2, 2015, Western Plastics, Inc. ("WP" or "plaintiff") filed this action against DuBose Strapping, Inc. ("DuBose" or "defendant") alleging patent infringement [D.E. 1]. The parties conducted extensive discovery and motions practice, during which WP conceded infringement of U.S. Patent No. 8,080,304 ("the '304 Patent"). See [D.E. 66] 1–2. On November 18, 2019, a jury trial began on four issues [D.E. 203]. On November 22, 2019, the jury returned a verdict in favor of WP on each issue [D.E. 219].

On December 6, 2019, WP moved for a declaration that this case is exceptional and for an award of attorneys' fees [D.E. 229] and filed a memorandum in support [D.E. 230]. On January 3, 2020, DuBose responded in opposition [D.E. 248]. On January 17, 2020, WP replied [D.E. 254]. As explained below, the court denies WP's motion for an exceptional declaration and for attorneys' fees.

I.

As for the trial, issue one was, "Did plaintiff Western Plastics, Inc. prove by a preponderance of the evidence that defendant DuBose Strapping, Inc. willfully infringed U.S. Patent No. 8,080,304 ('the '304 Patent')?" [D.E. 219] 1. The jury answered, "Yes" to issue one. See id. Issue two was, "Did defendant DuBose Strapping, Inc. prove by clear and convincing evidence that one or more

claims of the '304 Patent is invalid as 'anticipated,' or, in other words, not new?" Id. at 2. The jury answered, "No" to issue two. See id. Issue three was, "Did defendant DuBose Strapping, Inc. prove by clear and convincing evidence that the differences between the subject matter of the claimed invention in the '304 Patent and the prior art are such that the subject matter of any of the following claims would have been obvious at the time the invention in the '304 Patent was made to persons having ordinary skill in the pertinent art?" Id. at 3. The jury answered, "No" to issue three. See id. Issue four was, "Did plaintiff Western Plastics, Inc. prove by a preponderance of the evidence that it is entitled to recover lost profits from defendant DuBose Strapping, Inc?" Id. The jury answered, "Yes" to issue four, and awarded $614,548.00 in lost profits damages to WP. See id.

II.

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." Id. at 554 (quotations omitted); see Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). A court, however, may "consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Octane Fitness, 572 U.S. at 554 n.6 (quoting Fogerty, 510 U.S. at 534 n.19). "The party seeking fees must prove that the case is exceptional by a preponderance of the evidence, and the district court makes the exceptional case determination on a case-by-case basis considering the totality of the circumstances." Energy Heating, LLC v. Heat On-The-Fly, LLC, 889 F.3d 1291, 1306 (Fed. Cir. 2018); see Octane Fitness, 572 U.S. at 554; Munchkin, Inc. v. Luv n' Care, Ltd., 960 F.3d

2

1373, 1378 (Fed. Cir. 2020). At its core, "[s]ection 285 demands a simple discretionary inquiry." Octane Fitness, 572 U.S. at 557.

This case is not exceptional when analyzed under both the nonexclusive Octane Fitness factors and the broader totality of the case. As for frivolousness, this case was not frivolous. DuBose asserted viable, albeit ultimately unsuccessful, arguments and defenses during each stage of litigation. The court's detailed order concerning summary judgement and other miscellaneous orders exemplify the substantive, hard-fought nature of this case. See [D.E. 140]. To recount, both parties moved for partial summary judgment on certain issues. See [D.E. 49]; [D.E. 97]. The court denied DuBose's motion and granted in part and denied in part WP's motion. See [D.E. 140] 11–23. These rulings do not bespeak frivolousness. Cf. Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH, 603 F.3d 943, 954 (Fed. Cir.2010) (noting, pre-Octane-Fitness, that "a party is entitled to rely on a court's denial of summary judgment . . . as an indication that the party's claims were objectively reasonable and suitable for resolution at trial."); Bianco v. Globus Med., Inc., No. 2:12-CV-00147-WCB, 2014 WL 1904228, at *2 (E.D. Tex. May 12, 2014) (unpublished) (same). Moreover, although DuBose stressed different legal arguments at various stages of the case, this reality is part of modern litigation.

As for motivation and objective unreasonableness, these two factors are intertwined.[1] A jury finding of willful infringement and all that it entails is strong evidence of exceptionality. See [D.E. 219] 1; [D.E. 218] 23 (instructing the jury that "you may consider whether defendant DuBose Strapping's behavior was malicious, wanton, deliberate, consciously wrongful, flagrant, or in bad faith" in determining willfulness (emphasis added)). But "a court is not required to award attorney fees, even when there is an express finding of willful infringement." Group One, Ltd. v. Hallmark

---

[1] To the extent motivation concerns a party's motive to file suit to only obtain a substantial settlement, the court finds that DuBose's status as defendant makes this irrelevant. Cf. LendingTree, LLC v. Zillow, Inc., 54 F. Supp. 3d 444, 460 (W.D.N.C. 2014).

3

Cards, Inc., 407 F.3d 1297, 1308 (Fed. Cir. 2005); see Electro Sci. Indus., Inc. v. Gen. Scanning Inc., 247 F.3d 1341, 1353–1354 (Fed. Cir. 2001).[2] To the extent that "when a trial court denies attorney fees in spite of a finding of willful infringement, the court must explain why the case is not 'exceptional' within the meaning of the statute[,]" Modine Mfg. Co. v. Allen Grp., Inc., 917 F.2d 538, 543 (Fed. Cir. 1990), the court finds that DuBose's willful infringement did not reach "uncommon," "rare," or "not ordinary" levels, both factually and legally. Octane Fitness, 572 U.S. at 545.

As for the facts of the case, Jeffrey Kellerman, DuBose's Chief Operating Officer, sought legal counsel on how to avoid infringing upon WP's '304 Patent from not one, but two attorneys. See Trial. Exs. 8, 40; [D.E. 262] 43–49, 101. Although he did not fully abide by such advice, Kellerman testified that he did not intend to infringe and that, in his belief, Dubose had been practicing a prior art design. Obviously, the jury did not credit his testimony. Nevertheless, Kellerman's testimony was reasonable enough, and DuBose's defenses contained sufficient evidence, to reach a jury. See Medtronic, 603 F.3d at 954; Checkpoint Sys., Inc. v. All-Tag Sec. S.A., 858 F.3d 1371, 1376 (Fed. Cir. 2017). At bottom, Kellerman and DuBose did what many litigants do: push the envelope to gain an edge and let the legal system resolve the dispute. Kellerman and DuBose pushed too far and infringed. Yet their behavior, however misguided, was not so over-the-line to be exceptional. See Armacell LLC v. Aeroflex USA, Inc., No. 1:13CV896, 2015 WL 3891435, at *4 (M.D.N.C. June 24, 2015) (unpublished) ("Unless an argument or claim asserted in the course of litigation is 'so unreasonable that no reasonable litigant could believe it would succeed,' it cannot be deemed objectively baseless for purposes of awarding attorney fees under section 285.") (quotation omitted); see iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011).

---

[2] "A court may award attorney fees and not enhanced damages, or vice versa." Group One, 407 F.3d at 1309.

4

As for the legal arguments in the case, DuBose did not litigate the case in an unreasonable manner. Cf. Octane Fitness, 572 U.S. at 554. Concerning the reasonableness of the behavior for DuBose's counsel, counsel conducted themselves in an exemplary manner throughout the case. At no point in the litigation did the court sanction, admonish, or warn counsel about their conduct. Cf., e.g., Tinnus Enterprises, LLC v. Telebrands Corp., 369 F. Supp. 3d 704, 745 (E.D. Tex. 2019), appeal filed, (Fed. Cir. Aug. 1, 2020). The court rejects WP's attempts to assert otherwise. See [D.E. 230] 24–29. As for Dubose's litigating position, ultimate success is not how to measure the strength of a litigation position. See SFA Sys., LLC v. Newegg Inc., 793 F.3d 1344, 1348 (Fed. Cir. 2015) ("In Octane Fitness, the Supreme Court made clear that it is the substantive strength of the party's litigating position that is relevant to an exceptional case determination, not the correctness or eventual success of that position." (quotation omitted and emphasis added)); see Octane Fitness, 572 U.S. at 554. Specifically, "[a] party's position on issues of law ultimately need not be correct for them to not 'stand out,' or be found reasonable." SFA Sys., 794 F.3d at 1348 (quotation and alteration omitted); cf. Raylon, LLC v. Complus Data Innovations, Inc., 700 F.3d 1361, 1368 (Fed. Cir.2012). Ultimately, DuBose conceded infringement, contested willfulness, and argued invalidity on anticipation and obviousness grounds. See [D.E. 219]. Of course, WP won and DuBose lost. DuBose's arguments, however, were "not so meritless as to 'stand out' from the norm." SFA Sys., 794 F.3d at 1348. Moreover, the court denied WP's motion for judgment as a matter of law during trial and "le[ft] the jury to resolve the merit," which "mitigates against a finding that [DuBose] pursued meritless claims." LendingTree, 54 F. Supp. 3d at 459 (collecting cases); see [D.E. 207, 208, 211, 212, 219]. DuBose's strategy had its risks. That DuBose chose to roll the dice does not mean DuBose was destined to lose.

As for the need to compensate and deter, DuBose has paid the price for its infringement. "The legislative purpose behind 35 U.S.C. § 285 is to prevent a party from suffering a 'gross injustice,' not to punish a party for losing." Munchkin, 960 F.3d at 1378 (alteration omitted)

5

(quoting Checkpoint Sys., 858 F.3d at 1376). The court has already trebled the jury's damage award from $614,548.00 to $1,843,644.00, granted WP a permanent injunction against DuBose, and awarded WP costs. To go any further would contravene section 285's implicit instruction. Here, WP will not suffer a gross injustice by not receiving attorneys' fees, and DuBose would be punished by such an award. Accordingly, the court declines to declare this case as exceptional and declines to award attorney's fees to WP.[3]

III.

In sum, the court DENIES plaintiff's motion for a declaration that this case is exceptional and for an award of attorneys' fees [D.E. 229]

SO ORDERED. This 24 day of September 2020.

JAMES C. DEVER III
United States District Judge

---

[3] This case also does not fall under any of the three "exceptional" categories delineated under the trademark scheme at issue in Georgia-Pacific Consumer Products LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015).

6